## Case No. 17,035.
### WAGGENER et ux. v. CHEEK et al.
[2 Dill. 560.] 1

Circuit Court, E. D. Arkansas. 1873.

REMOVAL OF CAUSES—FINAL HEARING OR TRIAL—REMOVAL FROM APPELLATE COURT.

1. Whether, under the act of March 2, 1867 [14 Stat. 558], which requires the application for the removal of a cause from the state court to the federal court to be made "before the final hearing or trial of the suit," a suit in equity can be removed when pending in an appellate tribunal, quære?

[Cited in Sharp v. Gutcher, 74 Ind. 363.]

2. Such a suit cannot be removed from the appellate court after it has been finally submitted to it.

3. Nor can it be removed by the plaintiff as to one of several necessary defendants.

This cause comes before the court on the transcript of a record certified by the clerk of the supreme court of the state of Arkansas. Upon the question, whether this court has jurisdiction of it, the following are the material facts as shown by the record: The suit, which was in equity, was originally brought in one of the state courts, and the complainants [John H. Waggener and wife] sought to be relieved from the obligation to pay the purchase price ($75,000) of certain property which the complainant (Waggener) purchased from the executor of Elijah Cheek, deceased, and for which, except the sum of $10,000, paid in cash, the complainants made notes to the executor, and, to secure the same, executed a deed of trust to [Oliver P.] Lyles, one of the defendants. The ground of complaint in the bill is, that the executor had no power to make the sale, because the probate court had no authority in law to probate and establish a lost will, and because the decree of the chancery court establishing said lost will was void, for the reason that such of the heirs at law of the said Elijah Cheek as were not provided for therein were not notified of the proceeding. The bill makes defendants the executors of Elijah Cheek, the heirs at law, several in number, of the said Elijah, and also Lyles, the trustee in the deed of trust to secure the purchase money. Answers were filed to the merits by the various defendants, and made cross-bills. Pending the proceedings in the state court, two injunctions against the sale of the property by the trustee under the deed of trust were granted and dissolved, and a receiver was appointed with power to lease

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

the property. Finally, at the October term, 1869, the cause came on for hearing on the bill and exhibits, and the answers and cross-bills, and the court decreed that the proof of the will in the probate and chancery court and the grant of letters testamentary were not void; that the executor had full power to make the sale to the complainant, and thereupon dismissed the complainant's bill; but on the cross-bill rendered a decree of foreclosure in favor of the estate of Elijah Cheek against the complainant for the balance of the purchase money and interest, then amounting to $88,333.98, and ordered a sale of the property embraced in the deed of trust. From the decree the complainants prayed an appeal (which was granted) to the supreme court of the state.

The record of the proceedings in the supreme court shows that on the 3d day of January, 1871, "the parties, by their respective attorneys, submitted the cause to the court on briefs, and that it was by the court taken under advisement." The clerk of the supreme court certifies that "Afterwards, at the December term, 1871, said appellants, through the clerk of this (the supreme) court, presented to said court the following petition and bond, which said court failed to order filed, or to take any action upon whatever." The petition referred to is one by the complainants for the removal of the cause into the circuit court of the United States for the Eastern district of Arkansas, and states that the plaintiffs are citizens of Tennessee, and that defendant, Mark R. Cheek, administrator of the estate of Elijah Cheek, is a citizen of the state of Arkansas; that the amount exceeds, &c.; that they have filed their affidavit under the act of congress of March 2, 1867, for the removal of the cause, stating, &c. and offering surety, &c. The affidavit for removal is in these words: "That plaintiffs are citizens of the state of Tennessee; that Mark R. Cheek, administrator, &c. is a citizen of Arkansas: that administration upon said estate is had and conducted in the state of Arkansas, of which state the deceased was, at the time of his death, a citizen; that the matter in dispute exceeds the sum of $500; and the plaintiffs have reason to believe that from prejudice or local influence they will not be able to obtain justice in this honorable court." This was sworn to January 4, 1872. A bond was also filed for the removal of the cause, conditioned as required by the act of congress. The clerk of the supreme court certifies a complete transcript of the record of the cause as it remains in that court, but it contains no entry of any further action by it in respect to the same.

U. M. Rose and B. C. Brown, for complainants.

O. P. Lyles and Clapp, Vance & Anderson, for defendants.

DILLON, Circuit Judge. From a decree against the complainants on the merits in the inferior state court, they took an appeal to the supreme court of the state and fully submitted the cause to that court, by which it was taken under advisement. While it was in this situation. the complainants filed their petition and affidavit for the removal of the cause to this court under the act of congress of March 2, 1867 (14 Stat. 558). Do the petition and affidavit present a case entitling the complainants to a removal of the cause to this court? This depends upon a proper construction of the act of congress just mentioned. It is our opinion that the case is not one of which, upon the showing made for the removal, this court can take cognizance. The ground of this conclusion is two-fold:—

1. The application for the removal was not made in time. The statute requires the petition for the removal to be made "before the final hearing or trial of the suit." The statute which it purports to amend uses the words, "before the trial or final hearing of the cause." 14 Stat. 307. The word "hearing" refers to equity suits; the word "trial" to actions at law. This cause was in equity, and the requirement of the statute is that the application for the removal must be made "before the final hearing." In a case at law it must be before the trial. Where the suit is properly removed, the provision of the act is that it shall "proceed," in the federal court, "in the same manner as if it had been brought there by original process." There is ground to contend that the statute does not apply in any case when the suit is in the appellate court, but the circumstances of the cause in hand do not require us to decide that point. Suppose there had been a trial at law, a judgment, a bill of exceptions, and a writ of error, and the plaintiff in error, after the cause is filed and when it is pending in the appellate court, removes it to this court, can we review the alleged errors? Surely not. Is the party who effected the removal to have a new trial here as of right? Clearly not. It would appear, then, that a law case cannot be transferred to this court while it is still pending in the state appellate tribunal. This is certainly so where the trial was by jury. Justices v. Murray, 9 Wall. [76 U. S.] 274. Under the words applied to both classes of cases, "final hearing or trial," will it be held that a law action cannot be transferred from the state appellate tribunal, while an equity suit may be? The argument in favor of the right to transfer an equity cause while it is pending on appeal is, that it is there to be heard de novo, and that an appeal in chancery cases is only a re-hearing in a higher court. 3 Daniell, Ch. Pl. & Prac. 1602. But the question turns on the intention of congress in the use of the words, final hearing; and did it not mean by this language the trial of an equity cause upon the merits in the court of original jurisdiction, rather than the re-hearing in an appellate tribunal? But, as above observed, it is not necessary in this case to decide the question, and we pass it without

further remark. It may be conceded, that where a suit has been remanded by the appellate court to the inferior state court for a new trial or hearing on the merits upon further testimony, that the cause may be removed from that court to the federal court, as in Akerly v. Vilas [Case No. 119; 24 Wis. 165], or that an equity cause may be thus removed directly from the appellate court while it is still pending therein and before it has been there finally heard, as in Sneed v. Brownlow, 4 Cold. 254. This may be conceded, and yet the removal in the case before us be unauthorized. Clearly the application to remove must be made before the final hearing. Granting that the final hearing is the hearing in the appellate court, when must the application for the removal be made? The answer of the statute is before the final hearing. But this cause was submitted to the supreme court on the merits, on briefs, and by the court taken under advisement months before the petition and affidavit for removal were presented to that court. Taking the most liberal view for the complainants, the cause was finally heard when it was submitted to the court for decision upon the merits. The language of the statute is not that the application for removal shall be before final judgment or decree, but before final hearing, and in an equity suit, the word "hearing" means a trial upon the merits.

2. The cause was not properly removable on the affidavit and petition, for other reasons. It was sought to be removed only as to one of the defendants, namely: Mark R. Cheek, the administrator of Elijah Cheek, deceased. But there were other defendants, and necessary defendants, to the bill. Not to mention others, it is sufficient to refer to the trustee, Lyles, who would be a necessary party to the relief sought. Again, some of the defendants had a cross-bill upon which substantial relief was prayed. The decree of the state court passed upon all these matters, and from that decree the complainants appealed to the supreme court of the state, in which, as to all these parties, the suit was pending at the time the application for removal was made. Now the complainants ask for a removal as to one of the defendants only, or rather show cause for removal as to one only. What becomes of the cause as to the other defendants? Under the act of 1867 there seems to be no authority to a plaintiff to remove a case as to part of several defendants; certainly there is no authority for such removal where the other defendants, not named in the affidavit or petition for removal, are necessary parties to the final determination of the controversy.

An order will be entered dismissing the case out of the court for want of jurisdiction. Ordered accordingly.

NOTE. As to act of March 2, 1867, see Johnson v. Monell [Case No. 7,399]; Sands v. Smith [Id. 12,305]; Case v. Douglas [Id. 2,491]; Al-len v. Ryerson [Id. 235]. In The Justices v. Murray, 9 Wall. [76 U. S.] 274, the supreme court held that it was not competent for congress, under the seventh amendment of the constitution, to provide for the removal of a judgment in a state court in which the cause had been tried by a jury to the federal court for a retrial on the facts and law.